IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JESSICA COBB, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACT. NO. 2:10cv175-CSC |
| ) | (WO) |
| FRANCISCO APONTE, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**OPINION and ORDER**

**I. Introduction**

On May 11, 2009, the plaintiff, Jessica Cobb ("Cobb"), filed a complaint in the Montgomery County Circuit Court against the City of Millbrook and former City of Millbrook police officer Francisco Aponte. (Doc. No. 1, Exh. A.) On March 1, 2010, the case was removed from the Montgomery County Circuit Court to this court. (Doc. No. 1.) On March 8, 2010, Francisco Aponte ("Aponte") filed a motion to dismiss on the grounds that he was not timely served in accordance with ALA.R.CIV.P. 4(b). (Doc. No. 6). Specifically, Aponte asserts that the claims against him are due to be dismissed because the plaintiff failed to perfect service within 120 days of filing her complaint. He also contends that the claims against him should be dismissed with prejudice pursuant to Ala.R.Civ.P. 41(b) for failure to prosecute due to the plaintiff's "lengthy and inexcusable failure to obtain service."

An evidentiary hearing concerning whether the plaintiff had good cause for failing to serve Aponte within the 120-day period was held on June 10, 2010. Pursuant to 28 U.S.C. § 636(c)(1) and M.D. Ala. LR 73.1, the parties have consented to the United States

Magistrate Judge conducting all proceedings in this case and ordering the entry of final judgment.

Upon consideration of the motion, the plaintiff's response, and the matters presented during the evidentiary hearing, the court concludes that the motion to dismiss is due to be DENIED.

## II. Facts and Procedural History

On January 28, 2008, Aponte pleaded guilty to sexual misconduct and was sentenced to one year of imprisonment. (Attach. to Doc. No. 22, Def's Ex. 1.) During the hearing, Aponte testified that, after his wife passed away, he was allowed to return to his house on 5248 Louisa Lane on some weekends to take care of his children. Upon completion of his jail term on March 27, 2008, Aponte moved to a residence at 118 Windywood Drive in Elmore County. He subsequently moved to a residence on Calamar Drive and presently lives in the Liberty Square Apartment complex.

On May 11, 2009, the plaintiff filed a complaint against Aponte and the City of Millbrook. (Doc. No. 1-1, Ex. A.) The plaintiff initially attempted to serve Aponte through certified mail at 4110 Fitzpatrick Boulevard. (Def's Ex. 3.) The mail was returned unclaimed on May 29, 2009. (Attach. to Doc. No. 17.) Thereafter, the plaintiff attempted service by certified mail to an address at 5248 Louisa Lane. The mail was returned as unclaimed on July 10, 2009. (Attach. to Doc. No. 17.)

On or around June 2009, plaintiff's counsel hired a private investigator, Billy Smith

("Smith"), to find Aponte and serve him with the complaint in this case.[1] Smith sought information from a variety of sources, including the state court system, security officers at the Montgomery Airport Authority and Alabama State University, and others "on the street" during the course of his investigation.

At some point in early January 2010, Aponte went to Miami, Florida to attend body guard classes. Around this time, Smith spoke with a security officer at Alabama State University, Lonnie Thomas, who advised that he knew Aponte and that he was in Miami. Officer Thomas called Aponte and gave him Smith's telephone number. Shortly thereafter, Aponte contacted Smith and explained that he would be in Miami for the next three weeks. Aponte offered to return earlier, but Smith assured him that leaving Miami immediately was not necessary. Smith and Aponte agreed to meet in Montgomery upon Aponte's return in late January. Smith testified that Aponte was "a man to his word" and met with him on January 28, 2010. During the meeting, Smith served Aponte with the complaint in this case.

### III. Discussion

Aponte contends that the claims against him should be dismissed because he was

---

[1] During the hearing, Aponte argued that the private investigator's credibility should be questioned in light of his inconsistent statements. Specifically, Aponte asserts that Smith stated in his affidavit that "[i]t took [him] 90 days to try and find Mr. Aponte," which indicates he was hired in October 2009, but that he testified at the hearing that he was hired in late June 2009. When questioned about this inconsistency, Smith stated that to the best of his recollection he was hired in late June or early July 2009. Other than questioning the witness' mathematical skills, the court has no reason to doubt the credibility of Smith's testimony. The court was able to examine the demeanor of the witness during the hearing and finds his testimony concerning the "best of his recollection" to be credible. *Cf. Van T. Junkins & Assocs, Inc.* V. *U.S. Indus., Inc.*, 736 F.2d 656, 657 (11th Cir. 1984) ("When a party has given clear answers to unambiguous questions which negate the existence of any genuine issue of material fact, that party cannot thereafter create such an issue with an affidavit that merely contradicts, without explanation, previously given clear testimony.").

served with the complaint four months after the expiration of the 120-day period in violation of ALA.R.CIV.P. 41(b). The parties assert that Alabama procedural law applies in this case. Although this court "must look to state law to ascertain whether service was properly made prior to removal, this does not foreclose service being effected in the district court." *Igbinigie v. Wells Fargo Bank*, No. 3:08cv58 (CDL), 2008 WL 4862597, *2 (M.D. Ga. Nov. 10, 2008). Moreover,

> [i]n all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court. . . .

28 U.S.C.A. § 1448. Thus, this court may apply federal procedural law in this case.

FED.R.CIV.P. 4(m)[2] provides:

> If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after noticed to the plaintiff – must dismiss the action without prejudice against that

---

[2] The court further notes that, even assuming Alabama law were applicable, the relevant language in ALA.R.CIV. P. 4(b) and FED.R.CIV.P 4(m) is similar.

ALA.R.CIV. P. 4(b) provides:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or its own initiative, after at least fourteen (14) days' notice to the plaintiff, may dismiss the action without prejudice as to the defendant upon whom service was not made or direct that service be effected within a specified time; provided, however, that if plaintiff shows good cause for the failure to serve the defendant, the court shall extend the time for service for an appropriate period. . . .

4

> defendant or order that service be made within a specified time.
> But, if the plaintiff shows good cause for the failure, the court
> must extend the time for service for an appropriate period. . . .

A plaintiff has the burden of demonstrating the existence of good cause justifying service outside the 120-day deadline. *Durgin v. Mon*, 659 F. Supp. 3d 1240, 1258 (S.D. Fla. 2009); *PNCEF, LLC v. Hendricks Building Supply, LLC*, No. 09-0801-WS-C, 2010 WL 1856291, *1 (S.D. Ala. Apr. 29, 2010) (unpublished). To demonstrate good cause, the plaintiff must establish that she "(1) has proceeded in good faith; (2) has a reasonable basis for noncompliance; and (3) the basis for the delay was more than simple inadvertence or mistake." *Durgin*, *supra* (citing *Horenkamp v. Van Winkle and Co.*, 402 F.3d 1129, 1130-31 (11th Cir. 2005); *Prisco v. Frank*, 929 F.2d 603, 604 (11th Cir. 1991), superseded in part by the rule as stated in *Horenkamp*, *supra*; and *Sanders v. Fluor Daniel, Inc.*, 151 F.R.F. 138, 139 (M.D. Fla. 1993)).

However, "[e]ven in the absence of good cause, a district court has the discretion to extend the time for service of process.*" Lepone-Dempsey v. Carroll County Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007). Indeed, "when a district court finds that a plaintiff fails to show good cause[,] . . . the district court must still consider whether any other circumstances warrant an extension of time based on the facts of the case." *Id*. at 1282. "Only after considering whether any such factors may exist may the district court exercise its discretion and either dismiss the case without prejudice or direct that service be effected within a specified time." *Id.*

The plaintiff contends that she has good cause for failing to perfect service within the

120-day period and that any delay was not due to a lack of effort on her part. Specifically, the plaintiff argues that Aponte's frequent moves from one residence to another constitute good cause for the delay in service.

The court finds that the plaintiff used reasonable efforts to locate the defendant. The plaintiff attempted to serve Aponte at two addresses, including one provided to the Elmore County Circuit Court. In addition, plaintiff's counsel hired a private detective, whom he had frequently used in other cases. Admittedly, the private detective could have conducted a more thorough investigation. Nonetheless, the plaintiff's use of an experienced private detective indicates she acted diligently in searching for Aponte. In addition, Aponte's address frequently changed. Although it is clear that Aponte did not purposely evade service, testimony indicated that Aponte went to Florida for three weeks and moved at least three times since the initial filing of the complaint.

Generally, "good cause" is found when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service.[3] *See Rance v. Rocksolid Granit USA, Inc*., 583 F.3d 1284 (11th Cir. 2009) (citing *Lepone-Dempsey*, *supra*). There is no evidence that the plaintiff relied on faulty advice; however, there also is no evidence that

---

[3] The plaintiff also argued that she acted diligently and proceeded in good faith by using the address provided by the defendant to the court in his criminal case. The evidence, however, indicates that the plaintiff reported his address to his probation officer and appropriate state agencies when applying for a driver license and gun permit, and that he also provided his addresses to the Elmore County Circuit Court in a civil lawsuit. Thus, the court cannot conclude that Aponte's failure to provide his address to the court in a closed criminal case demonstrates good cause for the plaintiff's failure to serve him within the applicable time period. *See PNCEF v. Hendricks Building Supply*, No. 09-0801-WS-C, 2010 WL 1856291 (S.D. Ala. April 29, 2010) (defendant acted diligently and in good faith when using service addresses that construction defendants had provided to the Alabama Secretary of State).

the plaintiff acted negligently or otherwise failed to proceed in good faith when attempting to serve Aponte. The court need not determine whether the plaintiff has established "good cause," as it finds other circumstances warrant an extension of time based on the facts of this case.

The Advisory Note to FED.R.CIV.P. 4(m) provides guidance as to what factors may justify the grant of an extension of time absent a showing of good cause. Specifically, the notes concerning the 1993 amendment to the Rule state that FED.R.CIV.P. 4(m) "authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown. Such relief formerly was afforded in some cases, partly in reliance on Rule 6(b). Relief may be justified, for example, if the applicable statute of limitations would bar the refiled action or if the defendant is evading service or conceals a defect in attempted service." Although there is no evidence that Aponte evaded service, there is substantial evidence indicating that he moved to at least three different residences and occasionally went out of the state since the plaintiff initially filed her complaint in this court. Moreover, if the court were to dismiss Aponte without prejudice, the statute of limitations would bar the filing of a new action. Furthermore, there is little reason to believe that Aponte will be prejudiced by an extension of the time limit for service.[4]  Because the court concludes that relief is justified in this case, the court exercises its discretion in relieving the

---

[4] During the hearing, the Defense was unable to identify how Aponte would be prejudiced by extending the time for service. *See American Indoor Football Assoc. V. Lockwood*, No. 2:09cv1037-MHT, 2010 WL 1854415, *3 (M.D. Ala. May 7, 2010).

plaintiff of the consequences of untimely service by extending the time for service to the date on which Aponte was served by the private investigator. Accordingly, the motion to dismiss is due to be denied.

## IV. Conclusion

Accordingly, it is

ORDERED that the defendant's motion to dismiss (Doc. No. 6) be and is hereby DENIED.

Done this 28th day of June, 2010.

        /s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE