IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JESSICA COBB, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIV. ACTION NO. 2:10cv175-CSC |
| ) | (WO) |
| FRANCISCO APONTE, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**OPINION and ORDER**

**I. PROCEDURAL HISTORY**

On May 11, 2009, the plaintiff, Jessica Cobb ("Cobb"), filed a complaint in the Montgomery County Circuit Court against the City of Millbrook and former City of Millbrook police officer Francisco Aponte in his official capacity, asserting that she "was the victim of tortious conduct perpetrated by defendant Aponte, said tortious conduct consist[ing] of unwanted touching of a sexual nature." (Doc. No. 1-1, Pl's Brief, p. 2.) Cobb asserts state law claims of negligent or wanton retention, hiring, training, and supervision against the City of Millbrook, claims of assault and battery against defendant Aponte, and a claim of outrage against both defendants. In addition, Cobb asserts that the defendants violated her civil rights in violation of 42 U.S.C. § 1983 and 42 U.S.C. § 1985. On February 1, 2010, the City of Millbrook filed a motion for partial summary judgment, arguing that the plaintiff's state law claims are barred because Cobb failed to file a timely notice of claim in

accordance with Section 11-47-192, ALA. CODE 1975. (Doc. No. 1-8, Def's Motion for Partial Summary Judgment, p. 4.) On March 1, 2010, the case was removed from the Montgomery County Circuit Court to this court. (Doc. No. 1.) On April 27, 2010, this court ordered the plaintiff to respond to the City of Millbrook's motion for partial summary judgment. (Doc. No. 9.) The plaintiff filed a response to this court's order. (Doc. No. 13.) The court has jurisdiction of this case pursuant to 28 U.S.C. § 1331. Pursuant to 28 U.S.C. § 636(c)(1) and M.D. Ala. LR 73.1, the parties have consented to the United States Magistrate Judge conducting all proceedings in this case and ordering the entry of final judgment.

Upon consideration of the motion, the evidentiary materials filed in support thereof, and the responses in opposition filed by Cobb, the court concludes that the defendant's motion for partial summary judgment is due to be granted.

## II.  STANDARD OF REVIEW

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment is appropriate where "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." This standard can be met by the movant, in a case in which the ultimate burden of persuasion at trial rests on the nonmovant, either by submitting affirmative evidence negating an essential element of the nonmovant's claim, or by demonstrating that the nonmovant's evidence itself is insufficient to establish an

essential element of his or her claim. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986); *Jeffery v. Sarasota White Sox*, 64 F.3d 590, 593 (11th Cir. 1995); *Edwards v. Wallace Cmty Coll.,* 49 F.3d 1517, 1521 (11th Cir. 1995).

The burden then shifts to the nonmovant to make a showing sufficient to establish the existence of an essential element of his claims, and on which he bears the burden of proof at trial. *Id.* To satisfy this burden, the nonmovant cannot rest on the pleadings, but must, by affidavit or other means, set forth specific facts showing that there is a genuine issue for trial. FED. R. CIV. P. 56(e).

The court's function in deciding a motion for summary judgment is to determine whether there exist genuine, material issues of fact to be tried; and if not, whether the movant is entitled to judgment as a matter of law. *See Dominick v. Dixie Nat'l Life Ins. Co.,* 809 F.2d 1559 (11th Cir. 1987). It is substantive law that identifies those facts which are material on motions for summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 258 (1986); *See also De Long Equip. Co. v. Washington Mills Abrasive Co.,* 887 F.2d 1499 (11th Cir. 1989).

When the court considers a motion for summary judgment, it must refrain from deciding any material factual issues. All the evidence and the inferences drawn from the underlying facts must be viewed in the light most favorable to the nonmovant. *Earley v. Champion Int'l Corp.,* 907 F.2d 1077, 1080 (11th Cir. 1990). *See Matsushita Elec. Indus. Co.*

*v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).  The movant bears "the exacting burden of demonstrating that there is no dispute as to any material fact in the case."  *Warrior Tombigbee Transp. Co. v. M/V Nan Fung,* 695 F.2d 1294, 1296 (11th Cir. 1983).

### III. DISCUSSION

To the extent Cobb asserts state law claims for damages against the City of Millbrook and defendant Aponte in his official capacity, she is entitled to no relief in this court. Pursuant to ALA. CODE §§ 11-47-23 and 11-47-192, no claim will lie against a city or town for personal injury unless a sworn statement by the party injured is filed with the city clerk within six months of the date of injury.[1]  It is undisputed that Cobb did not file a sworn statement with the Clerk of the City of Millbrook within six months of the May 12, 2007, incident.  The law is well-settled in Alabama that a sworn statement is a prerequisite before a suit against a city or municipality is allowed to proceed.  *See Shows v. Morgan*, 40 F. Supp.

---

[1] ALA. CODE § 11-47-192 reads as follows:

No recovery shall be had against any city or town on a claim for personal injury received, unless a sworn statement be filed with the clerk by the party injured or his personal representative in case of his death stating substantially the manner in which the injury was received, the day and time and the place where the accident occurred and the damages claimed.

ALA. CODE § 11-47-23 provides, in pertinent part:

All claims against the municipality . . . shall be presented to the clerk for payment within two years from the accrual of said claim or shall be barred.  Claims for damages growing out of torts shall be presented within six months from the accrual thereof or shall be barred.

Alabama law is clear that these sections are to be considered *in pari materia*.  *Poe v. Grove Hill Mem'l Hosp. Bd.,* 441 So. 2d 861 (Ala. 1983); *Harris v. City of Montgomery*, 435 So. 2d 1207 (Ala. 1983).

4

2d 1345, 1365 (M.D. Ala. 1999) (dismissing state law claims against city and its officers in their official capacity because of plaintiff's failure to comply with Alabama's notice-of-claim statutes); *Poe v. Grove Hill Mem'l Hosp. Bd.*, 441 So. 2d 861, 863 (Ala. 1983) ("Therefore, to satisfy the statutory requirement, a plaintiff in a tort action against a municipality must file a sworn statement with the clerk within six months from the accrual of the claim."). *See also Cox v. City of Birmingham*, 518 So. 2d 1262, 1264 (Ala. 1987) (statement must be sworn).

Cobb argues that the defendants had actual notice of her intent to bring a civil lawsuit against them because she filed criminal charges of sexual misconduct against defendant Aponte after the May 12, 2007, incident occurred. Specifically, she argues that she meets an exception to the notice-of-claim requirement because her pursuit of criminal charges against defendant Aponte put the City of Millbrook on notice of "sufficient physical details" of the incident to "enable the [municipality] to investigate the claim and settle with the claimant if it deems such action appropriate." (Doc. No. 13, Pl's Resp., p. 3.) Actual notice of a claim does not replace the statutorily required notice. "Mere knowledge of the incident resulting in the injury does not satisfy the objectives of the notice-of-claim statute." *Large v. City of Birmingham*, 547 So. 2d 457, 458 (Ala. 1989). *See generally City of Montgomery v. Weldon*, 195 So. 2d 110, 112 (Ala. 1967) (plaintiff could not satisfy the notice of claim requirement "even though he had sent a letter to city officials detailing the accident and his injuries, principally because he had not stated the amount of damages claims and had not

sworn to the statement."). Thus, the court concludes that the City's motion for summary judgment with respect to Cobb's state law claims against defendant Aponte in his official capacity, as well as the City of Millbrook, are due to be granted.

## V.  CONCLUSION

Accordingly, it is

ORDERED as follows:

1. The motion for partial summary judgment filed by the City of Millbrook be and is hereby GRANTED.  (Doc. No. 1-8.)

2. The plaintiff's state law claims (Counts I thru VII), including claims of negligent or wanton retention, hiring, training, and supervision, and the claim of outrage against the City of Millbrook, and claims of assault and battery, and the claim of outrage against defendant Aponte in his official capacity be DISMISSED.[2]

Done this 28th day of June, 2010.

                                               /s/Charles S. Coody
                                               CHARLES S. COODY
                                               UNITED STATES MAGISTRATE JUDGE

---

[2] In its motion for partial summary judgment, the City of Millbrook indicates that the plaintiff's 42 U.S.C. § 1983 and 42 U.S.C. § 1985 claims (Count VIII) will be addressed in a separate motion for summary judgment after additional evidence is gathered in this case. (Doc. No. 1-8, Def's Motion, p. 2, n. 2.)